# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:02cv301-MU-02
# (C-CR-91-131-P)

| | |
|---|---|
| SHERRELL GARY BRINKLEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's document captioned as "Motion To Reopen Habeas Corpus Petition Pursuant To Federal Rules Of Civil Procedure Rule 60(b)-(6)," filed March 26, 2010 (Doc. No. 36).

On June 10, 1993, Petitioner was convicted and sentenced to a total of 360 months imprisonment. (Case C-CR-91-131-P). However, on appeal at the Fourth Circuit Court of Appeals, Petitioner's convictions all were affirmed but his sentences were vacated. United States v. Brinkley, No. 93-54-69 (4th Cir. Feb. 2, 1995). On May 19, 1995, Petitioner was re-sentenced to a total of 360 months imprisonment. Thereafter, Petitioner's appeal of his sentences was rejected by the Circuit Court. United States v. Brinkley, No. 95-5424 (4th Cir. April 17, 1996).

On November 4, 1996, Petitioner filed a Motion to Dismiss Indictment for Lack of Jurisdiction contending that the Government lacked authority to prosecute his criminal case because it had failed to obtain certain documents from the grand jury; and that such failure violated his right to due process, thereby requiring the Court to vacate his convictions and sentences. (Case No. 3:97cv242-P). Upon its review of that Motion, and in consideration of his

status as a convicted federal inmate, the Court construed Petitioner's Motion to Dismiss as a motion to vacate under 28 U.S.C. § 2255. Further, by Order entered April 28, 1997, the Court denied and dismissed Petitioner's <u>de facto</u> motion to vacate for lack of merit. The Court of Appeals subsequently dismissed Petitioner's appeal upon a finding of "no reversible error." <u>United States v. Brinkley</u>, 125 F.3d 849 * 1 (4th Cir. Sept. 23, 1997) (Table).

On October 9, 1998, Petitioner filed a Petition for a writ of habeas corpus under 28 U.S.C. §2241 in the Eastern District of Texas, alleging that the sentencing court had used an unconstitutional conviction to enhance his sentence. However, after concluding that such Petition actually was a motion to vacate under 28 U.S.C. §2255, that Court transferred the matter here. On February 16, 1999, this Court dismissed Petitioner's motion to vacate as an unauthorized successive motion to vacate. (Case No. 3:99cv54-P). The Fourth Circuit likewise dismissed Petitioner's appeal upon a finding that the Petition was, in fact, an unauthorized successive motion to vacate. <u>Brinkley v. Pitzer</u>, 229 F.3d 1141 * 1 (4th Cir. Aug. 9, 2000) (Table).

Next, on March 10, 1999, this Court dismissed as successive another of Petitioner's <u>de facto</u> motions to vacate, which motion also was originally filed as a § 2241 Petition in the Eastern District of Texas. (Case No. 3:99cv54-P). Although Petitioner unsuccessfully appealed the Texas Court's decision to transfer his Petition here, <u>Brinkley v. Pitzer</u>, No. 98-41514 (5th Cir. Jan. 5, 1999) (dismissed as an unreviewable interlocutory order), he did not appeal this Court's subsequent conversion or dismissal of that motion.

Rather, on March 28, 2001, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in this Court, arguing that his Fifth and Fourteenth Amendment rights were violated; that his guilty pleas were involuntarily entered; that his attorney rendered ineffective assistance; and that the

2

Court violated Rule 11 of the Federal Rules of Criminal Procedure. (Case No. 3:01cv180-V-1). Once again, however, on May 31, 2001, this Court dismissed Petitioner's Motion as an unauthorized successive motion to vacate. In turn, the Court of Appeals also dismissed Petitioner's appeal upon a finding of "no reversible error." United States v. Brinkley, 20 F. App'x 217 * 1 (4th Cir. Oct. 12, 2001) (unpublished).

Next, on July 22, 2002, Petitioner filed the instant case under 28 U.S.C. § 2255 alleging that he was "deprived of his right to a file a true 28 USC §2255 motion within the AEDPA" due to the Court's having converted his 1996 Motion to Dismiss into a motion to vacate under §2255; that his guilty pleas were involuntarily made; that he received ineffective assistance of counsel; and that the Court violated his rights during his Rule 11 proceeding. (Doc. No. 1). The Court evaluated the impact of the then-recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) (directing district courts to notify would-be federal petitioners of their plans to re-characterize otherwise unnamed motions for habeas relief as motions to vacate under § 2255 when such re-characterizations would have an adverse impact upon the petitioners). Such evaluation led the Court to conclude that because the Fourth Circuit did not indicate that Emmanuel could be given retroactive application, Petitioner was not entitled to rely upon it. (Doc. No. 2 at 5-6). In that case, the Court further concluded that because Petitioner already had a § 2255 motion which was rejected by this Court, his 2002 Motion had to be dismissed as yet another unauthorized successive motion to vacate. (Id. at 6). Accordingly, the Court summarily dismissed that Motion. (Id.). On appeal, the Circuit Court found that Petitioner had failed to make a substantial showing that this Court's dispositive procedural rulings were debatable or wrong. United States v. Brinkley, 68 F. App'x 481, 482 (4th Cir. July 10, 2003). Therefore, the Court of Appeals declined to issue a certificate of appealability and dismissed Petitioner's

appeal. Id. at 482.

Following that appeal, Petitioner filed several more post-judgment Motions in this Court (Doc. Nos. 12, 14 and 22), including one seeking relief pursuant to United States v. Castro, 540 U.S. 375 (2003);[1] however, those Motions also were dismissed as successive by this Court. (Doc. Nos. 13, 15 and 23). Petitioner's appeals of two such dismissals (Doc. Nos. 16 and 24), were dismissed by the Court of Appeals. United States v. Brinkley, 105 F. App'x 526, 527 (4th Cir. Sept. 8, 2004); Brinkley v. United States, 254 F. App'x 208 (4th Cir. Nov. 13, 2007). In addition, Petitioner's Petition for Rehearing En Banc filed in connection with the first of those two appeals also was denied. (Doc. No. 20).

By the instant Rule 60(b) Motion to Reopen Habeas Corpus (Doc. No. 36), Petitioner argues that this Court misconstrued his 1996 Motion to Dismiss and erroneously re-characterized it as a motion under § 2255 without notice to him; and that he never has had a review of the merits of any of his numerous Motions to Vacate. (Id. at 2-4). Petitioner therefore argues that in light of the recent decision in United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008),[2] he now should be given the opportunity to file a motion to vacate without having to first obtain pre-filing authorization from the Fourth Circuit Court of Appeals.

Ordinarily, the Court would flatly reject such a request inasmuch as it has repeatedly dismissed Petitioner's post-1996 Motions to Vacate as unauthorized successive motions and the Court of Appeals has tacitly approved of those dismissals by its continued refusal to issue

---

[1] The Castro Court held, in part, that any motion that has been re-characterized as a motion to vacate without prior warning to the petitioner cannot "be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." 540 U.S. at 383.

[2] Blackstock holds that Castro's prohibition against giving preclusive effects to motions that were re-characterized as first motions to vacate is applicable in every case, without regard for whether such re-characterization had adverse consequences on the petitioner.

4

certificates of appealability for Petitioner's appeals. However, in light of the broad holding in Blackstock, and out of an abundance of caution, the Court finds that it should require the Government to file a response before entertaining the instant Motion to Reopen.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Within thirty (30) days of the entry of this Order, the Government shall file a response to Petitioner's Motion to Reopen Habeas Corpus Pursuant to Federal Rules of Civil Procedure Rule 60(b)(6) (Doc. No. 36); and

2. The Clerk shall send copies of this Order to Petitioner and to the United States Attorney.

**SO ORDERED**.

Signed: February 4, 2011

Graham C. Mullen
United States District Judge