# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:02cv301-MU-02
# (C-CR-91-131-P)

| | |
|---|---|
| SHERRELL GARY BRINKLEY, )   )   | |
| Petitioner, )   ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Petitioner's Motion to Vacate, filed March 23, 2010 (Doc. No. 36) as amended on April 20, 2007 (Doc. No. 43). For the reasons stated herein, Petitioner's Motion will be dismissed as time-barred.

## I. FACTUAL AND PROCEDURAL HISTORY[1]

On August 6, 1991, a Bill of Indictment was filed charging Petitioner with conspiracy to commit an offense against the Government in violation of 18 U.S.C. § 371 (Count One), being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Counts Two through Seven), possessing, concealing and storing a stolen motor vehicle that was transported across state lines in violation of 18 U.S.C. § 2313 (Count Eight), and possessing a firearm that was not registered to him in violation of 26 U.S.C. § 5861(d) . (Criminal Case 3:91cr131-P, Doc. No. 1). On January 30, 1992, Petitioner appeared before the Court with his attorney and entered guilty pleas to all of the charges in the Indictment. See United States v. Brinkley, 46 F.3d 1127 (4th Cir. Feb. 2, 1995) (unpublished). On June 10, 1993, the Court held

---

[1] The history of Petitioner's case is long and protracted; therefore, the Court will reference only those matters that are pertinent to its determination that Petitioner's Motion to Vacate is time-barred.

Petitioner's Factual Basis and Sentencing hearing during which it sentenced him to a total of 360 months imprisonment on Counts One through Four, Eight and Nine. Id. The remaining charges were dismissed. (Id., Doc. No. 32). On June 11, 1993, Petitioner filed a notice of appeal to the Fourth Circuit Court of Appeals. (Id., Doc. No. 29). The Circuit Court affirmed both Petitioner's convictions and his 360-month sentence but remanded his case for the vacation of either Count Two or Count Three (both firearms offenses) to avoid violation of the Double Jeopardy Clause. Brinkley, 46 F.3d. 1127, at * 3; United States v. Brinkley, 82 F.3d 411, at * 1 (April 17, 1996) (Table).

Following the remand of his case, on March 3, 1995, this Court entered an Order vacating Petitioner's conviction on Count Three along with his entire sentence, and announcing its intention to re-sentence Petitioner. (Criminal Case No. 3:91cr131-P, Doc. No. 39). On May 9, 1995, the Court re-sentenced Petitioner to a total of 360 months imprisonment on Counts One, Two, Four, Eight and Nine. (Id., Doc. No. 44). Once again, Petitioner timely appealed to the Court of Appeals, where he challenged numerous matters, including the calculation and imposition of his sentences. Brinkley, supra, 82 F.3d at *1. That time, however, Petitioner's 360-month sentence was affirmed. Id. at 2. Likewise, Petitioner's Petition for certiorari review in the U.S. Supreme Court was denied. 519 U.S. 850 (1996).

Petitioner then returned to this Court on November 4, 1996, and filed a document captioned as a Motion to Dismiss Indictment for Lack of Jurisdiction, contending that the Government lacked authority to prosecute his criminal case because it had failed to obtain and/or disclose a properly returned concurrence form from the grand jury; and that such failure violated his right to due process, thereby requiring the Court to vacate his convictions and sentences. (Criminal Case No. 3:91cr131-P, Doc. No. 53). However, upon the Court's review of the

Motion, and in consideration of Petitioner's status as a convicted federal inmate, the Court construed that Motion to Dismiss as a motion to vacate under 28 U.S.C. § 2255. Further, by Order entered April 28, 1997, the Court denied and dismissed said motion to vacate for lack of merit. (Civil Case 3:97cv242-P, Doc. No. 2). Upon his appeal of that decision, the Court of Appeals dismissed Petitioner's case upon its finding of "no reversible error." United States v. Brinkley, 125 F.3d 849 * 1 (4th Cir. Sept. 23, 1997) (Table).

On October 9, 1998, Petitioner filed a Petition for a writ of habeas corpus under 28 U.S.C. §2241 in the United States District Court for the Eastern District of Texas, alleging that this Court had used an unconstitutional conviction to enhance his sentence. (Civil Case 3:99cv54, Doc. No. 1). However, after concluding that said Petition actually was a motion to vacate under 28 U.S.C. §2255, that Court transferred the matter to this district. (Id.). On February 26, 1999, this Court dismissed Petitioner's de facto motion to vacate as an unauthorized, successive motion to vacate. (Id., Doc. No. 2). The Fourth Circuit likewise dismissed Petitioner's appeal upon a finding that the Petition was, in fact, an unauthorized successive motion to vacate. Brinkley v. Pitzer, 229 F.3d 1141, at * 1 (4th Cir. Aug. 9, 2000) (Table).

Next, on March 3, 1999, Petitioner filed another § 2241 Petition in the Eastern District of Texas that was transferred to this Court and dismissed as another unauthorized, successive motions to vacate. See Brinkley v. Pitzer, 53 F.Supp.2d 831 (W.D.N.C. 1999). Although Petitioner unsuccessfully appealed the Texas Court's decision to transfer his Petition here, Brinkley v. Pitzer, No. 98-41514 (5th Cir. Jan. 5, 1999) (dismissed as an unreviewable interlocutory order), he did not appeal this Court's subsequent conversion or dismissal of that motion.

Rather, on April 20, 2001, Petitioner filed a form-Motion to Vacate under 28 U.S.C. §2255 in this Court arguing that he was denied his right to file an actual motion to vacate; that his guilty pleas were involuntarily made due to the Government's breach of their plea agreement; that he was subjected to ineffective assistance by his counsel's inducement to him to enter guilty pleas in exchange for an unfulfilled sentencing promise; and that the Court violated certain of his rights under Rule 11. (Civil Case 3:01cv180-V-1, Doc. No. 1 at 4-5). On May 31, 2001, this Court dismissed Petitioner's Motion as an unauthorized, successive motion to vacate. (Id., Doc. No. 2). Thereafter, the Court of Appeals also dismissed Petitioner's appeal upon a finding of "no reversible error." United States v. Brinkley, 20 F. App'x 217, at * 1 (4th Cir. Oct. 12, 2001) (unpublished). Likewise, Petitioner's certiorari petition review was denied by the U.S. Supreme Court. 535 U.S. 1067 (2002).

On July 22, 2002, Petitioner filed another form-Motion to Vacate alleging the same claims as were raised in his prior form-Motion. (Case 3:02cv301-MU, Doc. No. 1 at 4-5). The Court considered what, if any, impact the then-recent decision in United States v. Emmanuel, 288 F.3d 644 (4th Cir. 2002) might have on Petitioner's case. In Emmanuel, the Fourth Circuit held for the first time that a district court must notify a would-be federal petitioner of its plan to re-characterize any otherwise named or unnamed motion raising claims that sound in habeas as a motion to vacate under § 2255 when such re-characterization would have an adverse impact upon the would-be petitioner. Nevertheless, the Court's evaluation led to a conclusion that because Emmanuel was decided years after the re-characterization of Petitioner's 1996 pleading and the Fourth Circuit did not indicate that Emmanuel could be given retroactive application, Petitioner was not entitled to rely upon that holding. (Doc. No. 2 at 5-6). As a result, the Court further concluded that because Petitioner already had filed a motion that was construed under §

2255 and rejected by this Court, his 2002 Motion to Vacate had to be dismissed as an unauthorized, successive Motion to Vacate. (Id. at 6). Accordingly, the Court summarily dismissed Petitioner's Motion. (Id.). On appeal, the Circuit Court found that Petitioner had failed to make a substantial showing that this Court's dispositive procedural rulings were debatable or wrong. United States v. Brinkley, 68 F. App'x 481, 482 (4th Cir. July 10, 2003) (unpublished). Therefore, the Court of Appeals declined to issue a certificate of appealability, and summarily dismissed Petitioner's appeal. Id. at 482.

On October 6, 2003, Petitioner filed a Motion for Reconsideration under Fed. R. Civ. P. 60(b), wherein he argued that pursuant to the then-recent case of Bunkley v. Florida, 538 U.S. 835 (2003), this Court's decision concerning Emmanuel was erroneous because Bunkley stands for the proposition that decisions, like Emmanuel, that "alter[] the meaning of a criminal statute are to be applied retroactively." (Doc. No. 12 at 3). In the alternative, Petitioner argued that the Due Process Clause entitled him to his first full and fair § 2255 Motion. (Id. at 4). However, on October 17, 2003, the Court entered an Order denying Petitioner's Motion for Reconsideration on the grounds that, notwithstanding the change in law occasioned by Emmanuel, the Court's prior rulings all were in accordance with the relevant legal principles that preceded Emmanuel, see, e.g., Raines v. United States, 423 F.2d 526, 528, n. 1 (4th Cir. 1970) (noting that a petition for a writ of error coram nobis can be treated as a § 2255 motion); and that Bunkley did not dictate a different result. (Doc. No. 13).

On January 16, 2004, Petitioner filed a document styled as a Motion for Rehearing. (Doc. No. 14 ). There, Petitioner argued that under the Supreme Court's ruling in United States

5

v. Castro, 540 U.S. 375 (2003)[2], he was entitled to file a first motion to vacate under § 2255. (Id. at 3). However, on March 9, 2004, the Court entered an Order denying that Motion. (Doc. No. 15). Thereafter, Petitioner attempted to appeal the denial of his Motion for Reconsideration (Doc. No.12), but the Court of Appeals declined to issue a certificate of appealability and dismissed his appeal. United States v. Brinkley, 105 F. App'x 526, 527 (4th Cir. Sept. 8, 2004) (unpublished). The Circuit Court also denied Petitioner's Petition for Rehearing and Rehearing En Banc. (Doc. No. 20).

Nevertheless, on November 23, 2005, Petitioner filed a document captioned as a Motion to Reopen Habeas Corpus pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. No. 22). There, Petitioner asked the Court to reopen one of his previously filed § 2255 Motions based upon the rulings in Gonzalez v. Crosby, 545 U.S. 524 (2005)[3] and Castro, supra. However, on September 28, 2006, this Court denied that Motion because neither the Supreme Court nor the Fourth Circuit had stated that Castro could be retroactively applied, and Gonzalez did not dictate a different result. (Doc. No. 23). Indeed, in addressing the question of retroactivity, the Castro Court merely stated that when a case makes a new determination pursuant to the court's supervisory powers -- as like the determination that would-be petitioners should be warned before recharacterization of their pleadings -- such new determinations are applicable in the case in which the determination is made. Id. at 383. Petitioner appealed this Court's decision and, once again, the Court of

---

[2] The Castro Court held that any motion, without regard to resulting prejudice, that has been re-characterized as a motion to vacate without prior warning to the petitioner cannot "be considered to have become a first § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." 540 U.S. at 383.

[3] In Gonzalez, the Supreme Court held, in part, that a Motion under Fed. R. Civ. P. 60(b)(6) that challenges the court's prior procedural ruling, such as a decision that a petition is time-barred, is not a successive petition for which prior authorization is required. 545 U.S. at 533.

Appeals declined to issue a certificate of appealability and dismissed Petitioner's appeal. Brinkley v. United States, 254 F. App'x 208 (4th Cir. Nov. 13, 2007) (unpublished).

Next, on January 9, 2008, the Circuit Court decided the case of United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008). In Blackstock, the Circuit Court acknowledged that Castro's prohibition against giving preclusive effect to all motions that were, sua sponte, recharacterized as first motions to vacate without notice to the would-be petitioners abrogated the portion of Emmanuel that excluded those cases where the petitioner would not suffer adverse consequences from the recharacterization. Id. at 130. Although Blackstock had the effect of invalidating the unwarned recharacterization of that petitioner's 2005 motion as a first § 2255 motion, the Blackstock Court denied that it was improperly giving retroactive application to the Supreme Court's Castro decision. Id. at 134 n. 2. Rather, as the Court explained, Castro "does not invalidate prior unwarned recharacterizations of pro se filings, but instead establishes a rule governing the effect that will be given those unwarned recharacterizations in the future, when a subsequent § 2255 petition is filed." Id.

On March 26, 2010, Petitioner filed a Motion to Reopen pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. No. 36). By that Motion, Petitioner argued that this Court misconstrued his 1996 Motion to Dismiss and erroneously re-characterized it as a motion under § 2255 without notice to him; and that he never has had a review of the merits of any of his numerous motions to vacate. (Id. at 2-4). Thus, Petitioner argued that in light of Blackstock, he should be given the opportunity to file a motion to vacate without having to first obtain pre-filing authorization from the Fourth Circuit Court of Appeals. On February 4, 2011, the Court entered an Order directing the Government to respond to Petitioner's Motion to Reopen. (Doc. No. 37). On April 6, 2011, the Government filed a response asserting that although Petitioner likely will not be able to

7

establish the timeliness of any such motion, Blackstock does entitle him to file an initial motion to vacate under 28 U.S.C. § 2255. (Doc. No. 41). Accordingly, on April 8, 2011, the Court entered an Order granting Petitioner's Motion to Reopen (Doc. No. 36) and directing him to file his Motion to Vacate. (Doc. No. 42).

To that end, on April 25, 2011, Petitioner filed his form-Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. No. 43). By his Motion, Petitioner essentially reiterates the claims raised in his 2001 Motion, namely, that the Government failed to honor a sentencing-related promise thereby rendering his guilty pleas involuntary; that he was subjected to ineffective assistance of counsel by counsel's having improperly induced him to plead guilty; that he was subjected to a due process violation when the Court incorrectly construed his 1996 post-judgment motion as a pleading under § 2255; and that he was subjected to a violation of his rights under Fed. R. Crim. P. 11 when the judge failed to inquire about whether his guilty pleas were being supported by any extrajudicial agreements between the parties. (Id. at 4-8).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs, sentencing courts to promptly examine motions to vacate in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to relief, a court must dismiss the motion. Having carefully conducted the foregoing review, the Court finds that Petitioner's motion to vacate should be dismissed as time-barred.

## III. DISCUSSION

As an initial matter, the Court notes that Petitioner already has had his 1996 Motion to Dismiss treated as a motion to vacate and decided on the merits, albeit without prior warning to

8

him; he has had his subsequently filed pleadings dismissed as unauthorized, successive motions; and he has had all such rulings that he challenged either expressly or tacitly approved by the Circuit Court. However, the Circuit Court's decision in Blackstock, supra, makes it clear that this Court must take a fresh look at the instant Motion to Vacate. Indeed, under Blackstock, the Court no longer can give preclusive affect to Petitioner's 1996 filing but must conclude that Petitioner is entitled to file the instant Motion to Vacate without pre-filing authorization. 513 F.3d at 135. Nonetheless, Petitioner still must establish that his current Motion to Vacate was timely filed pursuant to one of the statutory provisions set forth under the Antiterrorism and Effective Death Penalty Act of 1996 (hearinafter the "AEDPA"), or that he is entitled to have the period of his delay equitably tolled.

Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The instant record shows that Petitioner's conviction and sentence were affirmed by the

Circuit Court and his certiorari petition was denied by the U.S. Supreme Court on October 7, 1996, which date is after the date on which the AEDPA was enacted, April 24, 1996. See Brinkley v. United States, 519 U.S. 850 (1996). Accordingly, Petitioner's case became final on October 7, 1996 and, in the absence of any intervening circumstances that require a contrary determination, he had up to and including October 7, 1997, in which to file the instant Motion to Vacate. Notably, Petitioner did not file this or any other motion to vacate by that date.[4] Instead, Petitioner filed a Motion to Dismiss that the Court, sua sponte, recharacterized as a motion to vacate and denied. However, because Blackstock expressly states that Castro "does not invalidate prior unwarned recharacterizations . . . ," the Court cannot revisit the recharacterization of that Motion or any of the other subsequently filed pleadings at this time. Instead, the Court finds that Blackstock finally gave Petitioner the right to file the instant Motion, therefore, for AEDPA purposes, he must demonstrate that the instant Motion was filed within one year of Circuit Court's ruling in Blackstock. 28 U.S.C. § 2255(f)(3).

Petitioner attempts to establish the timeliness of his Motion by his response to Question 18 on the Motion to Vacate form. Specifically, in response to the question of why the one-year statute of limitations does not bar his Motion, Petitioner states:

> When petitioner filed his 12(b)(2) motion, the court entered it as a § 2255 (DE 53; see Exhibit H). This effectively prevented petitioner from filing another motion titled as a § 2255, as it would be successive, where as equitable tolling should start at the filing date of his 12(b)(20) [sic] which was November 4, 1996.
>
> Petitioner also points out that when he filed his motion of disclosure (DE 51) dated June 24, 1996, it was denied on June 30,

---

[4] As was already noted, on November 4, 1996, Petitioner filed a Motion to Dismiss Indictment for Lack of Jurisdiction. (Case No. 3:91cr131-P, Doc. No. 53). However, Petitioner has consistently maintained that such pleading was not intended to be a motion to vacate under § 2255.

10

> 1996. (DE 52). A total of 6 days. The follow up motion to this
> was the Rule 12(b)(2) filed on Nov. 4, 1996[.] However, in this
> case, even though the court entered it as a § 2255, the court took
> five months and 24 days to rule on it on April 28, 1997. Petitioner
> notes that this is 4 days past the 1 year time limit the AEDPA
> authorizes. Is this a coincidence? I think not. The court delayed
> its ruling as a tactical manner in which to ensure that the one year
> time limit expired. The court was fully aware that because the
> Rule 12(b)(2) was treated as a § 2255, Petitioner was prevented
> from filing his one and only true § 2255 motion. The court structure its ruling to attempt to foreclose petitioner from his timely
> filing of his § 2255. In actuality, Petitioner has 5 months to file his
> § 2255 because of the tolling that should have started on November 4, 1996, however, petitioner will not quibble over this issue
> and file his § 2255 within the 20 days specified by the Court . . . .

(Doc. No. 43 at 12). After considering this information, however, the Court finds that Petitioner cannot establish that his Motion to Vacate was timely filed pursuant to any of the statutory grounds enumerated in the AEDPA.

Petitioner's assertion that the Court prevented him from timely filing his Motion falls far short of establishing its timeliness under § 2254(f)(2). As the Court already has explained, the prior unwarned recharacterization of Petitioner's Motion to Dismiss – by which he essentially sought to invalidate his prosecution and set aside his convictions and sentences – was done in accordance with the then-controlling legal precedent. Thus, contrary to Petitioner's claim, the treatment of his Motion to Dismiss and the other subsequently filed pleadings, did not constitute a violation of the Constitution or laws of the United States.

For its own part, the Court also determines that Petitioner cannot establish the timeliness of this Motion under either of the other bases enumerated by the AEDPA. Petitioner did not file this or any other Motion to Vacate within one year of October 7, 1996; and he does not purport that his claims are grounded in any newly discovered facts that previously could not have been known by him. See 28 U.S.C. § 2255(f)(1) and (4). Furthermore, even assuming that section

11

(f)(3) is applicable, the Blackstock decision was filed on January 9, 2008, but Petitioner failed to file this Motion within one year of that date, i.e., by January 9, 2009. In fact, even if the Court treats Petitioner's Motion to Vacate as having been filed as of the date on which he filed his successful Motion to Reopen Pursuant to Rule 60(b) (Doc. No. 36), March 26, 2010, such Motion still would have been filed more than 14 months too late. Therefore, the Court concludes that Petitioner's Motion to Vacate was not timely filed in accordance with any of the AEDPA's provisions.

Nor does Petitioner's assertion that he is entitled to equitable tolling rescue his untimely filed § 2255 Motion. According to Petitioner, since the time that his 1996 Motion to Dismiss was misconstrued as a Motion to Vacate, he has exercised due diligence in attempting to present his habeas claims to the Court; and that the Court's treatment of that Motion and his subsequently filed motions constitutes extraordinary circumstances that warrant equitable tolling. (Doc. No. 43 at 50-54).

The United States Supreme Court recently joined eleven circuit courts in announcing that equitable tolling can be applied to the limitations period in §2255 proceedings. Holland v. Florida, 560 U.S. ___, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010). Nonetheless, equitable tolling is available only in those instances where the petitioner can show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks and citation omitted).

As was noted, the Supreme Court's 2003 decision in Castro did not invalidate the Court's prior treatment of Petitioner's filings, and such treatment was in conformity with the law as it existed until the Blackstock decision was announced. Therefore, the Court will review Petitioner's post-Blackstock conduct to determine whether he is entitled to equitable tolling.

Applying the framework from Holland, the Court finds that Petitioner cannot demonstrate that he has been duly diligent in pursuing his rights. Although it is clear that Petitioner has filed numerous motions over the years, the record reflects that he inexplicably waited more than 26 months after the Blackstock decision to seek permission for the instant Motion to Vacate. Therefore, Petitioner cannot establish that he was duly diligent in pursuing his rights once those rights were made available to him.

Nor can the Court conclude that some extraordinary circumstance stood in the way of Petitioner's ability to timely file this Motion. Indeed, after the Blackstock decision was announced, there was nothing preventing Petitioner from filing either his Motion to Reopen or his actual Motion to Vacate. Moreover, the Court finds that the change in law occasioned by the Blackstock decision does not, in itself, constitute an extraordinary circumstance that entitles Petitioner to equitable tolling. In an analogous case, Gonzalez v. Crosby, 545 U.S. 524 (2005), the Supreme Court found that a new case announcing a change in the interpretation of the AEDPA's statute of limitations did not rise to the level of an "extraordinary circumstance" under the "extraordinary circumstances" provision of Rule 60(b)(6) of the Federal Rules of Civil Procedure. Id. at 536. Instead, the Court noted that because the district court's interpretation of the provision was correct under the then-prevailing law, it was "hardly extraordinary that subsequently, after petitioner's case was no longer pending, [the Supreme] Court arrived at a different interpretation." Id. The Court explained that "[n]ot every interpretation of the federal statutes setting forth the requirements for habeas provides cause for reopening cases long since final." Id. at 536.

Likewise, the Court finds that the holding from Parmaei v. Jackson, 378 F. App'x 331 (4th Cir. May 21, 2010) (unpublished), does not entitle Petitioner to equitable tolling. In

13

Parmaei, the Court of Appeals found that equitable tolling was appropriate under the "unique circumstances" presented by a petitioner who originally timely submitted a § 2254 petition to the Court only to have it returned to him, unfiled, after the expiration of his one-year deadline by a deputy clerk of court who erroneously believed that the petition was an unauthorized, successive petition. Id. at 332. Compounding that problem, after the petitioner attempted to secure pre-filing authorization from the appellate court, he was given a mistaken directive by the Court to exhaust his judicial remedies. Id. Under those circumstances, the Court determined that the petitioner had diligently pursued his collateral rights but, by extraordinary circumstances beyond his control and external to his own conduct, had been prevented from timely filing his petition. Id.

Unlike in Parmaei, Petitioner did not timely submit his Motion to the Court. Rather, Petitioner waited until more than two years after the Blackstock decision to even seek to reopen his prior Motion to Vacate. Moreover, Petitioner has failed to point to a single matter which prevented him from timely filing his Motion after Blackstock. Last, on each of the occasions that this Court directed Petitioner to seek pre-authorization, the Court's directives were given in accordance with the law that controlled Petitioner's case. Consequently, Petitioner is not entitled to have the period of his delay equitably tolled.

## IV. CONCLUSION

Petitioner's Motion to Vacate is time-barred, and he has failed to demonstrate that his 14-month period of delay should be equitably tolled. Therefore, the instant Motion to Vacate must be dismissed.

## IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

1. Petitioner's Motion to Vacate (Doc. No. 43) is **DISMISSED** as time-barred.

2. Petitioner has not made a substantial showing either that the Court's dispositive ruling is debatable or that his § 2255 Motion states a debatable claim of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed. 542 (2000) (when relief is denied on procedural grounds, petitioner must establish both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings in the United States District Courts.

3. The Clerk shall send copies of this Order to Petitioner and to the United States Attorney.

**SO ORDERED**.

Signed: May 17, 2011

Graham C. Mullen
United States District Judge