# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:02-CV-301-GCM

| | |
|---|---|
| SHERRELL GARY BRINKLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**THIS MATTER** is before the court on Petitioner's Motion to Alter or Amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (titled "Motion for Reconsideration") (Doc. No. 46); Petitioner's Motion to Supplement Pending 59(e) Motion for Reconsideration (Doc. No. 47); and Petitioner's Motion to Reopen a Judgment or Order under Rule 60(b)(1) of the Federal Rules of Civil Procedure (Doc. No. 48).

## I. BACKGROUND FACTS

The extremely complicated history of this case is set forth in detail in the Court's Order dated May 17, 2011, in which the Court dismissed as untimely Petitioner's motion to vacate, filed on April 25, 2011. (See Doc. No. 44). Suffice it to say, Petitioner's conviction became final on October 7, 1996. He therefore had until October 7, 1997, in which to file a motion to vacate. Petitioner did not file a motion to vacate within a year of October 7, 1997. Rather, he filed a motion to dismiss, which the court recharacterized as a motion to vacate and denied. What occurred between the court's denial of the motion to dismiss and its denial of Petitioner's

current motion to vacate is explained in detail in the court's order of May 17, 2011, and it will not be repeated here.

Relevant to Petitioner's arguments here, the Court notes that on March 26, 2010, Petitioner filed a motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, in which he argued that, under the Fourth Circuit case of United States v. Blackstock, 513 F.3d 128 (4th Cir. 2008), he was entitled to file a motion to vacate without having to obtain pre-filing authorization from the Fourth Circuit Court of Appeals. On February 4, 2011, this Court entered an Order for the government to file a response to Petitioner's motion. On April 6, 2011, the government filed a response brief, conceding that although Petitioner likely would not be able to establish the timeliness of his Section 2255 motion, Blackstock entitled him to file an initial Section 2255 motion.

On April 8, 2011, this Court entered an Order granting Petitioner's Rule 60(b) motion, and the Court ordered Petitioner to file a Section 2255 motion within 20 days. Petitioner filed his Section 2255 motion on April 25, 2011, and on May 17, 2011, the Court entered an Order dismissing the motion as time-barred. On June 7, 2011, Petitioner filed the pending "motion for reconsideration" pursuant to Rule 59(e) of the Court's prior order dismissing his motion as time-barred. Two days later, on June 9, 2011, Petitioner filed the pending "motion to supplement pending 59(e) motion," in which he asserts an additional argument to his pending motion for reconsideration. Finally, on December 22, 2011, Petitioner filed the pending Motion to Reopen a Judgment or Order under Rule 60(b)(1) of the Federal Rules of Civil Procedure .

**II.    DISCUSSION**

First, Petitioner has filed a motion to alter or amend judgment pursuant to Rule 59(e). With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

Plaintiff has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Plaintiff's motion does not present evidence that was unavailable when the court dismissed his motion to vacate as untimely, nor does it stem from an intervening change in the applicable law, nor has he shown that there was clear error of law or that granting the motion would prevent manifest injustice.

Next, in his "Motion to Supplement Pending 59(e) Motion," Petitioner contends that when this Court granted his "Motion to Reopen 2255 pursuant to Fed. R. Civ. P. 60" by Order dated April 8, 2011, the time was tolled for him to file his Section 2255 motion, except for the 20 days the court specified in the Court's order. Petitioner contends that he met the 20-day filing

3

requirement and, therefore, his Section 2255 was timely filed.  Petitioner's contention is without merit, as the Court concludes that Petitioner's Section 2255 motion was untimely for the reasons stated in the Court's prior order dated May 17, 2011.

Finally, with regard to Plaintiff's Motion to Reopen a Judgment or Order under Rule 60(b)(1)[1] of the Federal Rules of Civil Procedure, Petitioner contends that because the court granted Petitioner's prior Rule 60 motion in which the Court allowed Petitioner to file his Section 2255 motion, then the court should likewise grant Petitioner's Rule 60(b)(1) motion with regard to the timeliness of his Section 2255 petition.  The court will decline to grant Petitioner's Rule 60(b)(1) motion for the same reasons given by the Court in its prior Order finding that the motion to vacate was time-barred.  In support of his Rule 60(b) motion, Petitioner contends that the Court should allow for equitable tolling.  In its prior Order, however, this Court specifically addressed the issue of equitable tolling and concluded that equitable tolling was not warranted in Petitioner's case.  The Court finds no reason to depart from its prior discussion regarding equitable tolling, and the Court will deny Petitioner's Rule 60(b) motion.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's Motion to Alter or Amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (titled "Motion for Reconsideration") (Doc. No. 46) is **DENIED**.

(2) Petitioner's Motion to Supplement Pending 59(e) Motion for Reconsideration (Doc. No. 47) is **GRANTED**, in that the court has considered Petitioner's additional argument made in the motion, but the court finds the additional argument to be without merit.

---

[1] Rule 60(b)(1) states that a final order may be re-opened for the reasons of "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).

(3) Petitioner's Motion to Reopen a Judgment or Order under Rule 60(b)(1) of the Federal Rules of Civil Procedure (Doc. No. 48) is **DENIED**.

Signed: February 2, 2015

Graham C. Mullen
United States District Judge