# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:02-CV-301-GCM

| | | |
|---|---|---|
| **SHERRELL GARY BRINKLEY,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**THIS MATTER** is before the Court on the pro se Petitioner's "Motion to Reopen Petitioner's Sentencing per Fed. R. Civ. P. Rule 60(b)(6)," (Doc. No. 49); and on his "Motion to Correct the Record re Motion to Reopen Petitioner's Sentencing," (Doc. No. 50).

The background of this case is detailed in this Court's orders dated May 17, 2011, and February 2, 2015. See (Doc. Nos. 44; 51). Suffice it to say, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, which this Court dismissed as time-barred on May 17, 2012. (Doc. No. 44). On August 12, 2015, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal. See (Doc. No. 55). On July 11, 2013, Petitioner filed the pending "motion to reopen." In the motion, Petitioner reasserts the merits of his underlying claims supporting his prior motion to vacate that was dismissed as time-barred. In addition to the pending motion to reopen, Petitioner also filed a "Motion to Correct the Record," in which he asks the Court to docket his motion to reopen in this civil action, rather than in his criminal action.

1

First, as to Petitioner's "Motion to Reopen Petitioner's Sentence," the Court will dismiss this motion as an unauthorized successive petition. As to Petitioner's "Motion to Correct the Record," the Court grants the motion to the extent that Petitioner's motion to reopen was filed on the docket for this civil action.

**IT IS THEREFORE ORDERED** that:

(1) Petitioner's "Motion to Reopen Petitioner's Sentencing per Fed. R. Civ. P. Rule 60(b)(6)," (Doc. No. 49), is **DENIED**.

(2) Petitioner's Motion to Correct the Record, (Doc. No. 50) is **GRANTED**.

Signed: February 23, 2016

Graham C. Mullen
United States District Judge